1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M.A., by and through his guardian ad litem, Latasha Edwards,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No.  1:25-cv-00560-BAM<br><br>ORDER GRANTING PETITION FOR GUARDIAN AD LITEM<br><br>(Doc. 4) |

        Plaintiff D.M.A., by and through his guardian ad litem, Latasha Edwards, and through counsel, filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration.[1]  (Doc. 1.)  Currently before the Court is the petition to appoint Latasha Edwards as the guardian ad litem of the minor plaintiff, D.M.A.  (Doc. 4.)

        Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  In pertinent part, Local Rule 202(a) of

---

[1] The complaint states that D.M.A. is proceeding "by and through *his* guardian ad litem." (Doc. 1.)  However, the petition for guardian ad litem states that D.M.A. is proceeding "by and through *her* guardian ad litem." (Doc. 4.)  For consistency, the Court will utilize the designation in the operative complaint.

1 this Court further states:

2    Upon commencement of an action or upon initial appearance in defense of an
     action by or on behalf of a minor or incompetent person, the attorney representing
3    the minor or incompetent person shall present . . . a motion for the appointment of
     a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no
4    such appointment is necessary to ensure adequate representation of the minor or
     incompetent person.
5

6 *See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound

7 discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

8        "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests

9 of each are the same, no need exists for someone other than the parent to represent the child's

10 interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022

11 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167,

12 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  "While a parent is generally appointed

13 as a guardian ad litem, there are situations where the best interests of the minor and the interests

14 of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW

15 (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as

16 a matter of right to act as guardian ad litem for the child. *Id.*

17        The Court has considered the petition and finds no apparent conflict that would preclude

18 D.M.A.'s mother from serving as guardian ad litem.  The petition indicates the following:  (1)

19 Latasha Edwards is the mother of D.M.A., the minor child; (2) she is willing to serve as guardian

20 and is competent to understand and protect the rights of D.M.A.; and (3) she has no interest

21 adverse to the rights of D.M.A.  (Doc. 4, ¶¶ 1-2, 5.)

22        Accordingly, IT IS HEREBY ORDERED that Latasha Edwards is appointed in this

23 action as guardian ad litem for D.M.A., a minor.

24

25 IT IS SO ORDERED.

26    Dated:   **May 13, 2025**                    /s/ *Barbara A. McAuliffe*

27                                         UNITED STATES MAGISTRATE JUDGE

28

                                    2